# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**May 22, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re:* **I.J.-1, I.J.-2, and T.J.**

**No. 16-1005** (Mingo County 13-JA-73, 13-JA-74, & 13-JA-75)

## MEMORANDUM DECISION

Petitioner Mother R.J. (now R.C.), by counsel Paul R. Sheridan, appeals the Circuit Court of Mingo County's September 16, 2016, order denying her an award of child support for six-year-old I.J.-1, nine-year-old I.J.-2, and ten-year-old T.J.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of petitioner's appeal. The guardian ad litem ("guardian"), Jim Pajarillo, filed a response on behalf of the children also in support of petitioner's appeal. On appeal, petitioner argues that the circuit court erred in denying child support.[2]

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the September 16, 2016, decision of the circuit court is affirmed, in part, and reversed, in part, and remanded to the circuit court with directions to appropriately address child support for I.J.-1, I.J.-2, and T.J. pursuant to this Court's holding in *In re Ryan B.*, 224 W.Va. 461, 686 S.E.2d 601 (2009).

In October of 2013, the DHHR filed an abuse and neglect petition against J.J., the children's father, alleging that he sexually abused children in the home. Several days later, the DHHR filed an amended petition adding petitioner as a non-offending parent. Thereafter, the circuit court held a series of adjudicatory hearings during which it heard testimony from multiple

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two children share the same initials, we will refer to them as I.J.-1 and I.J.-2 throughout this memorandum decision

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

1

individuals. After considering the parties' arguments, the circuit court found that J.J. "committed sexually inappropriate acts against" a child. As such, the circuit court adjudicated J.J. as an abusive and neglectful parent.

In 2016, the circuit court held a status hearing during which J.J. indicated his willingness to voluntarily relinquish his parental rights to the children. As such, by order entered on September 16, 2016, the circuit court accepted J.J.'s voluntarily relinquishment, and terminated his parental rights to the children.[3] However, the circuit court denied petitioner's motion for child support without explanation. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court failed to order J.J. to pay child support.

In regard to child support, this Court has held that,

> [a] circuit court terminating a parent's parental rights pursuant to *W.Va. Code,* § 49–6–5(a)(6) [now West Virginia Code § 49-4-604], must ordinarily require that the terminated parent continue paying child support for the child, pursuant to the *Guidelines for Child Support Awards* found in *W.Va. Code,* § 48–13–101, et seq. [2001]. If the circuit court finds, in a rare instance, that it is not in the child's best interest to order the parent to pay child support pursuant to the *Guidelines* in a specific case, it may disregard the *Guidelines* to accommodate the needs of the child if the court makes that finding on the record and explains its reasons for deviating from the *Guidelines* pursuant to *W.Va. Code,* § 48–13–702, [2001].

---

[3]The children's father voluntarily relinquished his parental rights. I.J.-1, I.J.-2, and T.J. were placed with their non-offending mother at the outset of these proceedings with a permanency plan to remain in her care.

*In re Ryan B*., at 462, 686 S.E.2d at 602-03, Syl. Pt. 2. Importantly, "[t]his holding is applicable to both *voluntary* and involuntary terminations. (emphasis added) *Id* at 469, 686 S.E.2d at 605, n.3. In this case, the record is clear that J.J voluntarily relinquished his parental rights to his children. As such, he may be required to pay child support absent the "rare instance" that such payment is not in the child[ren]'s interests." The record on appeal is devoid of any testimony or evidence showing any "rare instance" with regard to the child support guidelines. Upon our review, the Court finds that the circuit court failed to adequately address whether J.J. was required to provide child support for the children. For these reasons, we reverse and remand with directions for the circuit court to address the issue of child support, in accordance with this Court's holding as set forth in Syllabus Point two of *In re Ryan B., Id.*

For the foregoing reasons, we affirm the circuit court's September 9, 2016, order in which the circuit court accepted J.J.'s voluntary relinquishment of his parental rights to the children. However, this Court reverses the circuit court's order, in part, with regard to the denial of child support, and remands the case with instructions to address child support, in accordance with our holding as set forth in Syllabus Point Two of *In re Ryan B., Id.*

Affirmed, in part, and reversed and remanded, in part, with directions.

**ISSUED:** May 22, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker